## Herman F. Vorbeck et al., Defendants in Error, v. William T. Hamback et al., Plaintiffs in Error.

## Gen. No. 15,763.

MUNICIPAL COURT—*when judgment not disturbed.* A judgment of the Municipal Court will not be set aside on the facts where the Appellate Court does not see that it can arrive at any conclusion more likely to be correct than that of the trial judge.

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding.    Heard in this court at the October term, 1909. Affirmed.    Opinion filed October 5, 1911.

JOHN D. FARRELL, for plaintiffs in error.

N. M. JONES, for defendants in error.

Mr. Presiding Justice Brown delivered the opinion of the court.

The sole question in this case is one as to the proper amount of damages to be awarded for a trespass on the plaintiff's land.    One of the defendants was a contractor with the other for the excavation of a basement.    The contractor, with the knowledge and consent of the other defendant (so far as we can judge from the testimony), piled or spread the earth and clay taken out of the excavation on the lots in question, which were adjoining each other and the excavated lot.

The case was one of the fourth class in the Municipal Court and no written pleadings were required or used; but the statement of claim indicates an action of trespass rather than, as counsel for defendants suggests as an alternative, a suit on an implied promise to remove or pay for removing the dirt complained of.

We notice this because counsel also argues that the evidence shows that the dumping was done with the consent and knowledge of the defendants in error, and that no trespass was committed.

But we do not think the evidence taken together justifies this conclusion.    The basis of it is found only in the testimony of the agent of the plaintiffs that after complaining to one of the defendants of the trespass already committed by placing the material on the plaintiffs' property, and receiving a promise to remedy the damage, he said, "As long as you take it away, it is all right."    That conversation does not tend to prove consent on the part of the owners.

The only question left, as we have said, is as to the amount of the damages.    The testimony from which the amount had to be figured was conflicting.    We do not see that we could arrive at any conclusion more likely to be correct than that of the trial judge, who tried this case without a jury and fixed it at $150.    We

therefore affirm the judgment of the Municipal Court.

*Affirmed.*